## Thomas Estate

*William T. Keen,* for petitioner.
*Alan J. Jarvis,* for respondent.

WOOD, *P.J.,* September 18, 1991—This case is before me pursuant to a petition to direct sheriff to distribute proceeds of estate property sold at sheriff's sale, which was filed by Elizabeth Tanner, executrix of the estate of Doris Thomas. On June 11, 1991, I signed a preliminary decree directing the sheriff and respondent, Donald Marshman, to show cause why the petition should not be granted. I heard oral argument in this matter on August 2, 1991.

A brief recitation of the facts is in order. Doris Thomas died testate on November 23, 1988. Her will appointed her daughter, Elizabeth Tanner, to be executrix. In her will, Mrs. Thomas left her house and its contents to her husband, Earl Thomas Jr., for his life or until he remarried. Upon his death or remarriage, the property was specifically devised in equal one-third shares to Tanner and Doris Thomas'

two grandsons Ricky Davis and Climmie Davis Jr. The residue was left to Tanner.

On December 16, 1988, Marshman obtained a judgment against Climmie Davis in the amount of $3,627.67. It is now Marshman's position that he should recover this judgment directly from the estate because of Climmie's vested interest, and that he should have priority over estate debts.

On December 4, 1989, Hamilton Bank filed a complaint for mortgage foreclosure against Earl Thomas and Tanner. A default judgment was ultimately entered in favor of the bank for $15,936.01. Pursuant to that judgment, a praecipe for writ of execution was filed on March 2, 1990. The amount indicated was $16,801.93, which accounted for accrued interest.

Upon receiving notice of the mortgage foreclosure, Tanner petitioned the court to direct Earl Thomas to release his life estate and expose the property to public sale. I signed a preliminary decree on December 22, 1989, directing Mr. Thomas to show cause, if any, why he should not release his life estate. Although no formal response was made to the order to show cause, the outcome of that issue will not affect the questions now before this court.

On July 20, 1990, a sheriff's sale was held wherein decedent's property was sold for $37,100. The sheriff posted a proposed schedule of distribution on October 9, 1990. Tanner filed exceptions to the schedule, which included the payment of Marshman's claim out of the proceeds of the real estate.

Tanner then filed the current petition on which I heard oral argument. Petitioner claims the estate will be nearly insolvent once the estate's obligations are paid, which do not include payment on Marshman's judgment. Respondent argues that he should be paid before any distribution to the estate is made.

The Probate, Estates and Fiduciaries Code establishes priority of payment when there are insufficient funds in an estate, as follows:

"§3392. *Classification and order of payment*

"If the applicable assets of the estate are insufficient to pay all proper charges and claims in full, the personal representative, subject to any preference given by law to claims due the United States, shall pay them in the following order, without priority as between claims of the same class:

"(1) The costs of administration.

"(2) The family exemption.

"(3) The costs of the decedent's funeral and burial, and the costs of medicines furnished to him within six months of his death, of medical or nursing services performed for him within that time, of hospital services including maintenance provided him within that time, and of services performed for him by any of his employees within that time.

"(4) The cost of a gravemarker.

"(5) Rents for the occupancy of the decedent's residence for six months immediately prior to his death.

"(6) All other claims, including claims by the Commonwealth." 20 Pa.C.S. §3392.

Under this section, the first five categories must be satisfied before the sixth category of "all other claims" is paid. See *Curry v. Estate of Thompson,* 332 Pa. Super. 364, 481 A.2d 658 (1984). Marshman's judgment falls within this sixth category. He is attempting to elevate his judgment on the priority list because of his position on the sheriff's schedule of distribution. However, his judgment is only against Climmie's one-third interest in the estate. The fact that he has a judgment lien should not give him any additional priority vis-a-vis estate claimants. Creditors of the estate extended their credit on

the basis of their dealings with the decedent, in light of her assets. Those who dealt with Climmie Davis did so in light of his assets, and if they considered at all that he had an inheritance coming, should have realized that it would be subject to estate debts.

Mr. Marshman's point is that since title to the real estate vested in Climmie Davis immediately upon Doris Thomas's death (see 20 Pa.C.S. §301(b)),[1] Marshman is entitled to a priority similar to that of any other lienholder against real estate. The reason for the sale of the real estate was a mortgage foreclosure action brought by Hamilton Bank. The mortgage was created July 12, 1988; Doris Thomas died November 23, 1988; Marshman obtained his lien on December 16, 1988; and the execution sale was held July 20, 1990. Hence, argues Marshman, at the time his claim became a lien against the real estate, Climmie was, in effect, the owner in fee of a one-third interest in the real estate.

I acknowledge a potential conflict between sections 301(b) and 3392, noted above. However, I think that if sections 301(b), 3311,[2] and 3392 of the PEF are read together, it becomes clear that the rule that title to real estate vests immediately in the beneficiaries thereof must give way to the necessity of the estate to pay its debts. Any other outcome

---

1. "(b) *Real estate*—Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this code and lawfully by the will and to all orders of the court."

2. "A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent, except real estate occupied at the time of death by an heir or devisee with the consent of the decedent. He shall collect the rents and income from each asset in his possession until it is sold or distributed, and, during the administration of the estate, shall have the right to

would be a nightmare. In fact, in this case, if I were to give Marshman the priority he wants, I would in effect be giving the residuary beneficiaries precedence over claimants against the estate under sections 3392, a result clearly not contemplated by the drafters of the PEF.

For these reasons, the debts of the estate (categories 1 through 5) must be paid first. If any money remains, it is then to be distributed to the category 6 claimants. Climmie, therefore, takes his one-third interest subject to the obligations of the estate. If Climmie does receive money from the estate, then Marshman's lien attaches to what Climmie receives.

This outcome adequately protects the interests of everyone contemplating loaning money to either a Doris Thomas or a Climmie Davis. It would be unwieldy to do things any other way. It would be unfair and virtually unworkable, in view of the interests involved, to give Climmie's separate obligation priority over estate debts.

Accordingly, I enter the following

## ORDER

And now, September 18, 1991, Elizabeth Tanner's petition is hereby granted. The sheriff is authorized to pay his own fees and costs from the proceeds of the sheriff's sale, and then to pay any liens or judgments against the property filed in the name of Doris Thomas prior to her death, if any, in

---

maintain any action with respect to it and shall make all reasonable expenditures necessary to preserve it. The court may direct the personal representative to take possession of, administer and maintain real estate so occupied by an heir or a devisee if this is necessary to protect the rights of claimants or other parties. Nothing in this section shall affect the personal representative's power to sell real estate occupied by an heir or devisee.''

accordance with the priority set forth in his schedule of distribution. Thereafter, the proceeds shall be turned over to Elizabeth Tanner, executrix, for distribution in accordance with 20 Pa.R.C.P. §3392.

